IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OPAL LABS, INC., an Oregon Corporation,

    Plaintiff,

    v.

SPRINKLR, INC., a Delaware Corporation,

    Defendant.

Case No. 3:18-cv-01192-HZ

OPINION & ORDER

Adam M. Starr
Chad M. Colton
Renee E. Rothauge
Stanton R. Gallegos
Markowitz Herbold, P.C.
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204

    Attorneys for Plaintiff

Robert Lane Carey
Christopher J. Pallanch
Megan K. Houlihan
Michael C. Willes
Tonkon Torp, LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Opal Labs, Inc. filed this action for fraud, breach of contract, violation of the Uniform Trade Secrets Act and other claims. Defendant moves to compel Plaintiff to supplement its answer to Interrogatory No. 4 to provide a more definite statement of its claimed trade secrets. The Court denies Defendant's motion to compel.

## BACKGROUND

      Plaintiff is a software developer that "provides content creation, marketing and planning software, and services to large companies" across the country. Second Am. Compl. ¶ 7, ECF 61. Plaintiff's software helps companies create and plan marketing campaigns. *Id*. Defendant is a large software developer whose software platform allows large companies to publish and analyze marketing materials on social media sites. *Id*. at ¶ 9. Because the features of the two developers' software platforms were complementary, Plaintiff and Defendant teamed up to explore the feasibility of integrating the features of their software to serve a mutual client. *Id*. at ¶¶ 14-15. During the parties' joint effort, the parties entered into a mutual non-disclosure agreement, a teaming agreement, and terms of use agreements. *Id*. at ¶¶ 15, 22, 34. While collaborating to serve their mutual client, Plaintiff alleges that Defendant gained unauthorized access to Plaintiff's proprietary information and confidential trade secrets. *Id*. at ¶ 21-22. Plaintiff alleges that Defendant used Plaintiff's proprietary information and trade secrets to create a content

marketing and planning module similar to Plaintiff's product, which Defendant integrated into its own software and sold to the parties' mutual client. *Id*. at ¶¶ 39-40. As a result, the parties' mutual client terminated its business relationship with Plaintiff. *Id*. at ¶ 44.

In discovery, Defendant served an interrogatory that asked Plaintiff to describe each trade secret that it alleges Defendant misappropriated, "including the critical elements of each trade secret . . . documents that describe or embody each trade secret, and . . . the Persons most knowledgeable concerning the nature and development of each trade secret." Def. Mot. Compel 3, ECF 82. Plaintiff served a response, supplemented its response, and served an amended supplemental response to the interrogatory. Defendant claims that Plaintiff has failed to describe its alleged trade secrets with reasonable particularity and seeks an order compelling Plaintiff to further supplement its answer to Interrogatory No. 4.

## STANDARDS

The scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party may serve an interrogatory relating to "any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The Court may issue an order compelling a party to answer an interrogatory if that party refuses to answer or fails to provide a complete answer. Fed. R. Civ. P. 37(a)(3)-(4).

In a trade secret case, the plaintiff must "identify the trade secrets and carry the burden of showing that they exist." *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998). The plaintiff must "identify its alleged trade secrets with reasonable particularity." *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 147 F. Supp. 3d 1147, 1156 (D. Or. 2015) ("*Vesta I*"). Reasonable particularity is "a description of the trade secrets at issue that is sufficient to (a) put a defendant

on notice of the nature of the plaintiff's claims and (b) enable the defendant to determine the relevancy of any requested discovery concerning its trade secrets." *Vesta I*, 147 F. Supp. 3d at 1155 (quoting *BioD, LLC v. Amnio Tech., LLC*, No. 2:13-cv-1670-HRH, 2014 WL 3864658, at *5 (D. Ariz. Aug. 6, 2014)). A plaintiff does not have to prove their trade secret claim prior to conducting discovery, but it "must provide enough detail about [its] alleged trade secrets to at least suggest that the alleged trade secrets might be legally protectable." *Id.* at 1156. It is not enough for a party to describe its alleged trade secrets by generic category or to describe merely "the end results of, or functions performed by, the claimed trade secrets." *Id*. Whether a party has described its claimed trade secrets with sufficient particularity is a fact-intensive inquiry that the Court must assess on a case-by-case basis. *Id*. at 1155.

## DISCUSSION

Defendant's Interrogatory No. 4 stated:

> Describe in detail each trade secret you allege was misappropriated by Sprinklr and/or Mr. Herman, including but not limited to by describing the critical elements of each trade secret, by identifying documents that describe or embody each trade secret, and by identifying the Persons most knowledgeable concerning the nature and development of each trade secret.

Def. Mot. Compel 3. Plaintiff's supplemental response to the interrogatory identified ten alleged trade secrets. Def. Mot. Compel 12-19. Plaintiff's amended supplemental response, the specificity of which the parties dispute in this motion, identified additional trade secrets. Def. Mot. Compel 20-30. In response to the Court's request, Plaintiff provided an exhibit that contained additional details about the structure, functions, and capabilities that it claims are trade secrets and cited the transcripts of the depositions of David Gorman, Plaintiff's co-founder and Vice President of Product, in which Mr. Gorman testified in his personal and representative capacity under Fed. R. Civ. P. 30(b)(6) about Plaintiff's claimed trade secrets. Pl. Trade Secret

Ex., ECF 97. The Court construes Plaintiff's Trade Secret Exhibit, *id.*, as a supplement to Plaintiff's answer to Interrogatory No. 4.

Defendant relies in part on *Vesta I* to support its argument that Plaintiff has failed to describe its alleged trade secrets with reasonable particularity. Def. Mot. Compel 5-6. In *Vesta I*, this Court required Plaintiff to "make pre-discovery disclosures of its alleged misappropriated trade secrets" before requiring defendant to respond to the plaintiff's discovery requests. *Vesta I*, 147 F. Supp. 3d at 1153-54. In reaching that decision, this Court weighed the competing interests of preventing a "fishing expedition" into the defendant's trade secrets by the plaintiff, preventing the plaintiff from crafting its trade secret misappropriation claims to fit the evidence it discovers from the defendant, and preventing "needless exposure to the defendant's trade secrets" against the plaintiff's right to broad discovery under the Federal Rules of Civil Procedure and the plaintiff's interest in determining exactly which of its trade secrets Defendant had accessed. *Id.* at 1153-54. This Court also emphasized that the Court's ability to fulfill its obligation to determine the relevance of discovery requests and the appropriate scope of discovery depends on the plaintiff's identification of its claims. *Id.* at 1153.

In a later decision in the same case, this Court addressed whether the plaintiff had complied with the Court's order in *Vesta I* to describe its trade secrets with reasonable particularity. *Vesta Corp. v. Amdocs Mgmt. Ltd.*, No. 3:14-cv-1142-HZ, 2016 WL 8732371, at *1 (D. Or. Apr. 1, 2016) ("*Vesta II*"). In discussing the sufficiency of the plaintiff's interrogatory answers, this Court noted in *Vesta II* that the plaintiff's answers and supporting documents, although they added detail, did not describe the plaintiff's trade secrets with reasonable particularity because they "largely describe[d] what various systems and strategies are designed to do, not how they do it." *Id.* at *6.

Plaintiff, in its response and amended responses to Interrogatory No. 4, has described several specific features and functions of its software, the existence and abilities of which it claims are trade secrets, and described them in detail. Def. Mot. Compel 12-30. In its motion to compel, Defendant offers a number of arguments that Plaintiff's alleged trade secrets are not, in fact, trade secrets. *Id*. For example, Defendant argues for one claimed trade secret that it is "in the public domain because Opal filed for trademark protection for it," it is "known in the industry," and "has been marketed commercially" by another software developer. *Id*. at 12. For other claimed trade secrets, Defendant argues that the functions are "available in a wide variety of software," *id*. at 13, 25, have been around for several years, *id*. at 14-18, "[are] not unique," *id*. at 24, and for one feature, Defendant explicitly argues that it "is not a trade secret." *Id*. at 21.

Whether an alleged trade secret is, in fact, a trade secret is a different question from whether Plaintiff has identified its claimed trade secrets with reasonable particularity. *Vesta II*, 2016 WL 8732371, at *4; *Storage Craft Tech. Corp. v. Symantec Corp.*, No. 2:07-cv-856 CW, 2009 WL 112434, at *2 (D. Utah, Jan. 16, 2009) ("The procedures for challenging the merits of a trade secret claim prior to trial are set out in Rules 12 and 56 of the Federal Rules of Civil Procedure and are not properly challenged under discovery rules, including the requirement that the trade secret be identified with particularity").

The Court agrees with Plaintiff that the *Vesta* decisions addressed a slightly different question from the parties' dispute in this case. The question in the *Vesta* decisions was whether the plaintiff had described its trade secrets with sufficient particularity before discovery began to warrant requiring the defendant to reveal its own trade secrets in discovery. That is not the issue that Defendant raised in its motion to compel. The concern raised by Defendant is whether Plaintiff has described its trade secrets with sufficient particularity to allow Defendant to

continue with discovery and prepare an adequate defense to Plaintiff's trade secret misappropriation claim. As both parties point out, they have already conducted significant discovery in this case, including multiple software inspections and lengthy depositions. As a result, Defendant's motion does not present the same threshold question about how to begin discovery that was at issue in *Vesta*.

None of the policy considerations identified in the *Vesta* cases are implicated here. It has long been known to Defendant that Plaintiff's trade secret claims are limited to the features of Plaintiff's content marketing and planning platform, and this Court's earlier rulings limited the scope of Plaintiff's discovery of Defendant's software to Defendant's content marketing and planning platform. *Quaiz v. Rockler Retail Grp., Inc.*, No. 3:16-cv-1879-SI, 2017 WL 960360, at *3-4 (D. Or. Mar. 13, 2017) (plaintiff's description of its trade secrets was sufficient to proceed with discovery when the defendant had adequate notice of the plaintiff's claims, and the plaintiff's description was adequate to determine the relevance of discovery to the alleged trade secrets); *Phoenix Techs., Ltd. v. DeviceVM, Inc.*, No. 09-4697-EDL, 2010 WL 8590525, at * 2 (N.D. Cal. Mar. 17, 2010) (denying the defendant's motion for a protective order because the plaintiff had described its alleged trade secrets with sufficient particularity to "allow the trial court to control the scope of . . . discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits") (citations omitted).

Moreover, the Court's earlier rulings that limited the scope of discovery to the parties' respective content marketing and planning platforms obviated the concern that Plaintiff will unnecessarily access Defendant's trade secrets and proprietary information unrelated to Plaintiff's claims. There is also no risk that continuing discovery regarding the parties' content

marketing and planning platforms will give Plaintiff a chance to craft its trade secret claims from the information that it discovers from Defendant. *Vesta I*, 147 F. Supp. 3d at 1153. Accordingly, Plaintiff has described its claimed trade secrets with sufficient particularity to proceed with discovery.

At oral argument, Defendant argued that if the Court does not limit Plaintiff's trade secret claims to the trade secrets that Plaintiff has already identified, then Defendant will be at a disadvantage when it moves for summary judgment without having had the opportunity to conduct discovery concerning Plaintiff's later-identified trade secrets. The Court agrees. Plaintiff knows or should know its own trade secrets. At this stage of discovery, Plaintiff has examined Defendant's current content marketing and planning platform and should be able to identify which of its trade secrets Defendant may have misappropriated. Because Defendant raised this issue for the first time at oral argument and discovery has not yet closed, the Court will give Plaintiff an additional thirty days to supplement its answer to Interrogatory No. 4. The Court will limit Plaintiff's trade secret claims to those it has identified and described with reasonable particularity within thirty days of the date of this order.

///

///

///

///

///

///

///

///

## CONCLUSION

The Court DENIES Defendant's Motion to Compel [82]. The Court grants Plaintiff leave to supplement its answer to Interrogatory No. 4 to identify and describe with reasonable particularity any trade secret that it has not previously identified. Plaintiff's trade secret misappropriation claim will be limited to those trade secrets that Plaintiff has identified and described with reasonable particularity within thirty days of the date of this order.

IT IS SO ORDERED.

DATED:  December 4, 2019  .

_____
MARCO A. HERNÁNDEZ
United States District Judge