Robert L. Carey, OSB No. 871860
Direct Telephone: 503-802-2032
Direct Facsimile: 503-972-3732
Email: bob.carey@tonkon.com
Christopher J. Pallanch, OSB No. 075864
Direct Telephone: 503.802.2104
Direct Facsimile: 503.972.3804
Email: christopher.pallanch@tonkon.com
Michael Willes, OSB No. 141806
Direct Telephone: 503.802.5737
Direct Facsimile: 503.274.8779
Email: michael.willes@tonkon.com
Megan Houlihan, OSB No. 161273
Direct Telephone: 503.802.2184
Direct Facsimile: 503.274.8779
Email: meg.houlihan@tonkon.com
TONKON TORP LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204

*Attorneys for Defendant and Counterclaim Plaintiff Sprinklr, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

(Portland Division)

OPAL LABS INC., an Oregon corporation,

Plaintiff and Counterclaim Defendant,

v.

SPRINKLR, INC., a Delaware corporation,

Defendant and Counterclaim Plaintiff.

Civil No. 3:18-CV-01192-HZ

**STIPULATED PROTECTIVE ORDER**

## BACKGROUND

The parties (together, the "Parties," or individually, a "Party") to this Action (the "Action") seek to enter into a confidentiality stipulation and protective order to govern discovery and the use of discoverable materials or information in the Action. The Parties agree that the Action may require the discovery, production, disclosure, and use of certain documents, information and other materials that are confidential. In particular, this dispute may involve the production of financial or other confidential research, development, or commercial information. The Parties desire to be protected against potential competitive disadvantage, financial loss, hardship or prejudice that may result from the unauthorized or inappropriate disclosure of confidential or proprietary documents.

Accordingly, the Parties hereby stipulate that this Confidentiality Stipulation and Protective Order (the "Order") shall govern the use and handling of documents, including deposition testimony and transcripts, deposition notices, exhibits, written responses and documents produced pursuant to discovery requests, and any other information or material provided, disclosed, produced, given, or exchanged by, between, and among the Parties and any non-parties in connection with proceedings in the Action (collectively or individually the "Covered Material") and any briefs, affidavits, declarations or other court documents containing or otherwise disclosing such Covered Material.

## CONFIDENTIAL INFORMATION AND AEO INFORMATION

1. Any Party or non-party to the Action disclosing, producing, giving or exchanging any documents, information or material in connection with the Action, or whose documents, information, or material is being disclosed, produced, given, or exchanged by another Party or non-party in connection with the Action (the "Disclosing Party"), may designate any Covered Material as "Confidential" under the terms of this Order if the Disclosing Party in good faith reasonably believes that such Covered Material contains:

confidential information; information that is sensitive from a business perspective; personally sensitive information; information for which a good faith claim for the need for protection from disclosure can be made under applicable law; and/or information the disclosure of which is restricted by a constitution, statute, rule, policy, or by common law ("Confidential Information").

2. Any Disclosing Party may designate any Covered Material as "AEO" under the terms of this Order if such Disclosing Party in good faith reasonably believes that such Covered Material consists of highly sensitive information, the disclosure of which to a Party, even subject to the terms governing Confidential Information under this Order, is likely to cause competitive business injury ("AEO Information").

3. Covered Material, or information contained therein or derived therefrom, shall be used solely for prosecution and/or defense of the Action or any appeals therefrom. The use of Covered Material for any other purpose, including, without limitation, any other litigation or proceeding or for the prosecution or development of any patents, technology, products, or intellectual property of any kind, is expressly prohibited and constitutes a material breach of this Order.

## PROCEDURE FOR DESIGNATION OF CONFIDENTIAL AND AEO INFORMATION

4. The designation of Covered Material as Confidential or AEO for purposes of this Order shall be made in the following manner by any Disclosing Party:

(a) **Documents and other materials**. For documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or "Attorneys Eyes Only" to each page containing any Confidential Information or AEO Information.

(b) **Depositions or other pretrial testimony**. For depositions or other pretrial testimony, (i) by a statement on the record, by counsel, at the time of the deposition; or (ii) by written notice, sent to all Parties within five business days after

receiving a copy of the transcript itself, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to all pages and lines on the original and all copies of the transcript containing any Confidential Information or AEO Information. The transcript shall then be supplemented to indicate such designations. Prior to the expiration of the five business day time period for providing written notice as described above, the entire transcript shall be maintained as AEO Information. Once the transcript is supplemented, only the portions of the transcript in which Confidential Information or AEO Information is contained, along with portions of any documents containing such information, shall be treated as Confidential or AEO, however designated. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or through written agreement, without further order of the Court.

(c) **Electronic information**. For Covered Material that is disclosed or produced in a non-paper medium (e.g., electronic files, videotape, DVD, CD, audiotape, computer disks, etc.) ("Electronic Information"), by affixing the legend "Confidential" on the medium, if possible, and its container, if any, so as to clearly give notice that the medium contains Confidential Information or AEO Information. Documents produced in PDF and TIFF image format on a CD-ROM or other non-paper medium shall be marked in the manner provided for in paragraph 3(a) above. For a non-PDF electronic file containing Confidential Information or AEO Information that is produced in native format, the production shall include a corresponding slip sheet bearing the "Confidential" or "Attorneys Eyes Only" designation and such designation may also be appended to the file name.

5. **Inadvertent production without Confidential or AEO designation**. The failure to designate a document (or portion of a document) as Confidential or AEO shall not constitute a waiver of any rights in a document or portion of a document, including the right to designate the document or portion as Confidential or AEO under this Order. In the case of Covered Material that is produced without a Confidential or AEO designation but

was intended to be produced designated as Confidential or AEO, the Disclosing Party shall deliver to each Party a new copy of the Covered Material with the appropriate designation. The Covered Material that was previously produced without a Confidential or AEO designation shall be destroyed or returned by its recipients.

## DISCLOSURE LIMITATIONS AND REQUIREMENTS

6. **Confidential information**. Except as specifically provided for in this Order or subsequent Court orders, Covered Material produced in the Action and designated Confidential may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) **Counsel**. Outside counsel for the Parties, and regular and temporary employees, including clerical, paralegal and secretarial staff, and service vendors of such counsel (including outside copying and litigation support services including, without limitation, contract attorneys) assisting in the conduct of the Action for use in accordance with this Order.

(b) **Parties**. The Parties to the Action, which for any Party that is an entity means any of its current or former directors, officers, in-house counsel, employees and general or limited partners who are actively participating in or assisting those Parties in the Action. However, dissemination of the Disclosing Party's Confidential Information by the receiving Party shall be limited to persons having a reason to receive such information in connection with the prosecution or defense of the Action. A Disclosing Party's Confidential Information shall not be disseminated by the receiving Party to its employees for any other reason.

(c) **Experts and consultants**. Experts, advisors, or consultants (together with their staff) assisting the Parties or their counsel in the Action; provided that any report created by such expert, advisor or consultant relying on or incorporating Confidential Information, in whole or in part, shall be designated Confidential;

(d) **Author/recipient**. Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or as to whom there has been deposition or trial testimony that the person was the author or a recipient of the document;

(e) **Witnesses**. Witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for depositions or testimony in the Action; provided, however, that no copies or notes relating to the Confidential Information shall be made by or provided to these persons.

(f) **The Court**. The Court and its employees; and

(g) **Court reporters**. Court reporters employed in connection with the Action.

7. **AEO Information**. Except as specifically provided for in this Order or subsequent Court orders, Covered Material produced in the Action and designated AEO may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

(a) **Counsel**. Outside counsel for the Parties, and regular and temporary employees, including clerical, paralegal and secretarial staff, and service vendors of such counsel (including outside copying and litigation support services including, without limitation, contract attorneys) assisting in the conduct of the litigation for use in accordance with this Order;

(b) **Experts and consultants**. Experts, advisors, or consultants (together with their staff) assisting the Parties or their counsel in the Action; provided that any report created by such expert, advisor or consultant relying on or incorporating AEO Information, in whole or in part, shall be designated AEO;

(c) **Author/Recipient**. Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, or as to whom there has been deposition or trial testimony that the person was the author or a recipient of the document;

(d) **The Court**. The Court and its employees; and

(e) **Court reporters**. Court reporters employed in connection with the Actions.

8. **Confidentiality Undertaking**.

(f) Persons identified in paragraphs 6(c) , 6(e) & 7(b) (i.e., experts and witnesses) who do not fall within the descriptions in paragraph 6(b) (parties) and to whom Confidential Information or AEO Information is disclosed shall, prior to such disclosure be required to sign an undertaking (a "Confidentiality Undertaking") in the form attached as **Exhibit A** hereto, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Order, and agreeing not to disclose or use any Confidential Information or AEO Information in a manner or for purposes other than those permitted hereunder; *provided*, however, that a non-party witness to whom Confidential Information or AEO Information is first disclosed at deposition need not be required to sign a copy of the Confidentiality Undertaking in order to be bound by the terms hereof. Showing a document designated Confidential or AEO to a deponent does not waive the confidentiality protections otherwise afforded that document or portion of the document. The attorneys of record making Confidential Information or AEO Information available to any person required to execute a copy of the Confidentiality Undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and for maintaining all original, executed copies of such Confidentiality Undertakings.

(g) To the extent non-parties are authorized by Court order or consent of all Parties to attend a deposition or otherwise participate in discovery in the Action that may involve Confidential or AEO Information, the non-party must sign the Confidentiality Undertaking in the form attached as **Exhibit A** hereto, agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Order, and agreeing not to disclose or use any

Confidential or AEO Information in a manner or for purposes other than those permitted hereunder.

9. Every person given access to Confidential Information or AEO Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof.

10. **Protection available for third-party information**. Any non-party to this Action from whom discovery is sought in the Action may obtain the protection of this Order by signing and providing to outside counsel for the Party seeking the discovery a certification and agreement, substantially in the form attached hereto as **Exhibit B**, stating that the non-party has read the Order, understands the terms of the Order, agrees to be fully bound by the Order, submits to the jurisdiction of this Court for purposes of enforcement of the Order, and understands that any violation of the terms of the Order shall be punishable by relief deemed appropriate by the Court.

11. Counsel for any Disclosing Party shall have the right to exclude from depositions or hearings any person who is not authorized by this Order to receive documents or information designated Confidential or AEO. This right of exclusion shall be applicable only during periods of examination or testimony directed to, relating to, or discussing Confidential Information or AEO Information.

12. **Filing redacted documents**. Counsel for any Party wishing to file documents of any nature, including briefs, which have been designated as Confidential or that would disclose information from a document that has been designated as Confidential or AEO, may, at the request of the Disclosing Party or with the permission of the Disclosing Party, redact all parts of any filing or submission prepared by it that contain or disclose any Confidential or AEO Information, such that no Confidential Information or AEO Information would be disclosed, and such redacted documents shall not be deemed designated Confidential or AEO and may be filed with the Court.

13. **Filing under seal**. Counsel for any Party wishing to file documents of any nature, including briefs, which have been designated as Confidential or AEO or that would disclose information from a document that has either been designated as Confidential or AEO or would otherwise be required to be filed under seal, shall move to file such documents with the Court under seal; and, provided that the Court approves the motion to file under seal, a statement shall be endorsed on the cover:

"CONFIDENTIAL – SUBJECT TO COURT ORDER"

It is understood that all such materials shall be maintained by the Clerk separate from public records and shall be released only upon further Order of this Court. Upon the conclusion of the Action, any Party may seek the return or destruction of documents it has filed under seal pursuant to this paragraph. Any such documents shall remain subject to the provisions of this Order.

14. **Proffering Confidential Information or AEO Information at a proceeding**. A Party who seeks to introduce Confidential Information or AEO Information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is Confidential Information or AEO Information. If the Party who designated the information Confidential Information or AEO Information requests the protection be continued, the Court will review the information, in camera, to determine if the information is entitled to continued protection.

## CHALLENGING CONFIDENTIAL DESIGNATIONS

15. Nothing herein precludes any Party from challenging a designation of Covered Material as Confidential Information, or constitutes an acknowledgement that any Covered Material or category of Covered Material (including those set forth above) are discoverable or appropriate for designation as Confidential. During the pendency of the Action, if the receiving Party objects to the designation of any Covered Material or testimony as Confidential, after making a good-faith effort to resolve any such objection with opposing counsel, the receiving Party must move promptly within five business days

from the date the Parties' efforts to resolve fail for an order setting aside the Confidential designation. While such a dispute is pending, the Covered Material or testimony in question shall continue to be treated as Confidential pursuant to this Order. Nothing in this Order is intended to shift the burden of establishing the basis for a Confidential designation, which, at all times, remains upon the Disclosing Party.

16. The Parties may (but are not required to) stipulate to extend the time periods set forth in paragraph 15.

## CHALLENGING AEO DESIGNATIONS

17. During the pendency of the Action, if the receiving Party objects to the designation of any Covered Material or testimony as AEO, after making a good-faith effort to resolve any such objection with opposing counsel, the designating Party must move promptly within five business days from the date the Parties' efforts to resolve fails for an order maintaining the AEO designation. While such a dispute is pending, the Covered Material or testimony in question shall continue to be treated as AEO pursuant to this Order. Nothing in this Order is intended to shift the burden of establishing the basis for an AEO designation, which, at all times, remains upon the Disclosing Party.

18. The Parties may (but are not required to) stipulate to extend the time periods set forth in paragraph 17.

19. AEO designations must be made on a document-by-document basis. The parties agree that blanket, indiscriminate, or mass-designations of Covered Material as AEO constitutes bad faith and justifies an award of attorney fees as sanctions in connection with any motion regarding such designation of AEO materials.

## LIMITATIONS TO CONFIDENTIAL DESIGNATIONS

20. Entering into, agreeing to, and/or producing or receiving Confidential Information or AEO Information pursuant to or otherwise complying with the terms of this Order shall not:

(a) Operate as an admission that any document designated Confidential or AEO contains or reflects personal, private information, or any other type of Confidential Information or AEO Information;

(b) Prejudice in any way the rights of any Party or non-party to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party or non-party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential or AEO Information;

(c) Prevent the Parties to this Order from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Covered Material;

(d) Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence or information subject to this Order;

(e) Prejudice in any way the right of any Party or non-party to seek a determination by the Court whether any Confidential Information or AEO Information should be subject to the terms of this Order;

(f) Prejudice in any way the right of any Party or non-party to petition the Court for a further protective order relating to any purported Confidential Information or AEO Information;

(g) Waive, supersede, or amend the provisions of any prior confidentiality agreement between and/or among defendants, any of the Parties or non-parties, and/or any other person; and

(h) Be construed or operate as a waiver of any claim of privilege or immunity with respect to any document or information.

(i) This Order has no effect upon, and shall not apply to, the Parties' or non-parties' use of their own Covered Material or Confidential Information or AEO Information for any purpose. Nothing herein shall prevent or in any way limit disclosure,

use or dissemination of any information or documents that are in the public domain through no violation of this Order and shall not otherwise waive the Confidential or AEO status of any documents or information so produced. The following shall not constitute Confidential Information or AEO Information for purposes of this Order:

i. Information that is or becomes generally available to the public other than as a result of a violation of this Order;

ii. Information that was already in the files of a Party, other than the Disclosing Party, on a non-confidential basis prior to be being produced to such Party;

iii. Information that becomes available to any Party on a non-confidential basis if the source was not, to the best of that Party's knowledge, subject to any prohibition against transmitting the information to it; or

iv. Information independently developed by any Party, other than the Disclosing Party, without use of Confidential Information or AEO Information.

(j) Nothing herein shall impose any restriction on the use or disclosure by a Party of documents, materials or information designated as Confidential or AEO that have been obtained lawfully by such Party independently of the discovery proceedings in the Action.

## CLAWBACK AGREEMENT

21. If a Disclosing Party discloses, or permits another Party to review or use, information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege, work product protection, or any other privilege or immunity ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection or any other privilege or immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

22. Should a Disclosing Party identify Protected Information that has been disclosed, that Party must notify the Party that received the Protected Information (the "Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection or other privilege or immunity in accordance with paragraph 23—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. If requested by the Receiving Party, within five business days of such request, the Disclosing Party must explain why the Protected Information is subject to attorney-client privilege, work product protection, or another privilege or immunity.

23. If the Receiving Party contests the claim of attorney-client privilege or work product protection or another privilege or immunity, the Receiving Party must—within ten business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and may not assert as a ground for compelling disclosure the fact or circumstances of the disclosure or otherwise rely on FRE 502(b)(2) or OEC 511 as a basis for contesting the claim. Pending resolution of the Disclosure Motion, the Receiving Party must not use the purported Protected Information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

24. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

## GENERAL PROVISIONS

25. In the event additional Parties join or intervene in the Action, such Parties shall not have access to Covered Material or Confidential Information or AEO Information until counsel for each newly joined or intervening Party has executed a Confidentiality Undertaking evidencing the newly joined or intervening Party's intent to be bound by this Order, which shall be filed with the Court promptly.

26. The Parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

27. The attorneys of record shall take reasonable measures, consistent with this Order, to prevent the unauthorized disclosure or use of Confidential Information or AEO Information and are responsible for employing reasonable measures to control the duplication of, access to, and distribution of Confidential Information or AEO Information.

28. The provisions of this Order shall, absent written permission of the Disclosing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including, without limitation, any appeals therefrom. Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of the Action, including the exhaustion of all possible appeals, all persons having received Confidential Information or AEO Information shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the Disclosing Party or destroy all such Confidential Information or AEO Information, and, in either case, certify that fact to counsel for the Disclosing Party. Outside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, attorney work product (including discovery material containing Confidential Information or AEO Information), records of communication necessary to maintain attorney file integrity, and other documents containing or reflecting Confidential Information or AEO Information; provided, that outside counsel and their employees will maintain the confidentiality thereof and will

not disclose such documents to any person except pursuant to court order or agreement by the Disclosing Party.

29. After the termination of the Action, this Order shall continue to be binding upon the Parties hereto, and upon all persons to whom Confidential Information or AEO Information has been disclosed or communicated, and this Court shall retain jurisdiction over all such Parties and persons for enforcement of this Order's provisions.

30. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings. In the event that any Confidential Information or AEO Information is used in any court proceeding in the Action or any appeal therefrom, such Confidential Information or AEO Information shall not lose its status as Confidential Information or AEO Information through such use.

31. If any person receiving documents covered by this Order (the "Receiver") is subpoenaed or receives other compulsory process in another action or proceeding or is served with a document demand (collectively hereinafter "Demand"), and the Demand seeks Covered Material that was designated as Confidential or AEO by someone other than the Receiver, the Receiver shall give written notice of the Demand by e-mail, hand-delivery, or facsimile transmission to the Disclosing Party, which shall include or attach a complete copy of the Demand, unless prohibited by law. The Receiver shall refrain from producing any Covered Material that has been designated Confidential or AEO in response to the Demand until the earlier of (a) receipt of written notice from the Disclosing Party that such Disclosing Party does not object to production of the Covered Material, or (b) resolution of any objection asserted by the Disclosing Party either by agreement or by final order of the court with jurisdiction over the objection of the Disclosing Party, unless prohibited by law; provided, however, that the burden of opposing the enforcement of the Demand shall fall solely upon the Disclosing Party. Unless the Disclosing Party submits a timely objection seeking an order that the Demand not be complied with, and serves such objection upon the

Receiver by e-mail, hand-delivery, or facsimile transmission prior to production pursuant to the Demand, the Receiver shall be permitted without violating this Order to produce documents responsive to the Demand. Compliance by the Receiver with any order directing production pursuant to Demand of any Confidential Information or AEO Information shall not constitute a violation of this Order. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Information or AEO Information covered by this Order, or to subject himself or itself to any penalties for non-compliance with a legal process or order, or to seek any relief from this Court or any other court.

32. Nothing in this Order shall preclude any Party from seeking judicial relief, upon notice to the other Parties, with regard to any provision hereof.

33. This Stipulation and Order may be executed in counterparts each of which shall be deemed an original, but all of which shall constitute one and the same agreement.

IT IS SO STIPULATED:

| MARKOWITZ HERBOLD PC | TONKON TORP LLP |
|---|---|
| By *s/ Adam M. Starr* | By *s/ Christopher J. Pallanch* |
| Renée E. Rothauge, OSB No. 903712<br>Chad M. Colton, OSB No. 065774<br>Adam M. Starr, OSB No. 125393<br>Stanton R. Gallegos, OSB No. 160091 | Robert L. Carey, OSB No. 871860<br>Christopher J. Pallanch, OSB No. 075864<br>Michael Willes, OSB No. 141806<br>Megan Houlihan, OSB No. 161273 |

IT IS SO ORDERED this 23 day of January, 2020.

Marco Hernández

Hon. Marco A. Hernández

**EXHIBIT A**

I, ______________________, hereby certify (i) my understanding that Covered Material and/or Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Protective Order (the "Order") entered by the United States District Court for the District of Oregon, in the matter *Opal Labs Inc. v. Sprinklr, Inc.*, Civil No. 3:18-CV-01192-HZ, and (ii) that I have read the Order.

I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the above referenced Court, for purposes of enforcement of the Order. I understand that any violation of the terms of the Order shall be punishable by relief deemed appropriate by the Court.

Signature: ____________________________________

*Please Print or Type the Following*

Name: ____________________________________

Title and Affiliation: ____________________________________

Company: ____________________________________

Address: ____________________________________

Telephone: ____________________________________

Date: ____________________________________

**EXHIBIT B**

I, ____________________, hereby certify, on behalf of __________________, that (i) __________________ is producing Covered Material and/or Confidential Information in the above-captioned action, that (ii) __________________ seeks to obtain the protections provided by the Confidentiality Stipulation and Protective Order (the "Order") entered by the United States District Court for the District of Oregon, in the matter *Opal Labs Inc. v. Sprinklr, Inc.*, Civil No. 3:18-CV-01192-HZ, and (iii) I am authorized to execute this certification on _________________'s behalf.

I hereby further certify that (i) I have read the Order, understand the terms of the Order, and agree to be fully bound by the Order, and (ii) _____________ hereby submits to the jurisdiction of the above-referenced Court for purposes of enforcement of the Order. On behalf of ___________, I further certify my understanding that any violation of the terms of the Order shall be punishable by relief deemed appropriate by the Court.

Signature: ________________________________

*Please Print or Type the Following*

Name: ________________________________

Title and Affiliation: ________________________________

Company: ________________________________

Address: ________________________________

Telephone: ________________________________

Date: ________________________________