IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OPAL LABS, INC., an Oregon corporation,

Plaintiff,

v.

SPRINKLR, INC., a Delaware corporation,

Defendant.

Case No. 3:18-cv-01192-HZ

SPECIAL MASTER REPORT
(November 2020)

Special Master Henry Kantor respectfully submits this report to the Court as directed. My last report was on August 30, 2020. As the Court was informed in late October, this report is being submitted three months later instead of two months because there were several things in play toward the end of October and early November, and the Court has docketed a scheduling conference on December 2, 2020. I believe that the current information in this report will be of assistance to the Court in connection with the upcoming scheduling conference.

Since my last report, the parties have filed several discovery motions (some with complete briefing) and identified additional discovery problems or disputes. Throughout this process, counsel and I have been in regular communication via email and telephone. Detailed briefing schedules were set and met. On their own and as I have directed, counsel have

conferred and negotiated to resolve many of the problems and disputes. That has resulted in motions being not filed, withdrawn, or – recently – suspended for further negotiations. At least one hearing that had been docketed was cancelled – in favor of a scheduling conference which led to a detailed schedule for the rest of this case being submitted to the Court for its consideration.

One motion was fully briefed and argued, regarding challenging issues impacting the protocol for the inspection of highly confidential information caused by pandemic problems along with concerns over the production of certain Jira/GitHub records. That dispute was heard on October 19, 2020. I ruled on the record as to all unresolved disputes. This led to the issuance of the Special Master's Orders on Discovery dated November 16, 2020 (ECF 184). To the best of my knowledge and belief, the parties are proceeding to complete the inspection pursuant to the protocols established through agreement and my rulings.

The only other fully briefed motion which has not been resolved in the Defendant's Motion for Sanctions Against Plaintiff Based on Spoliation of Evidence (ECF 177). That motion was scheduled for hearing on November 30, 2020. The hearing was cancelled because the parties wishes to continue their prior conferrals. While that motion has not been resolved yet, I will make sure that the Court is notified of its resolution, whether by my rulings or by withdrawal of the motion.

Following extensive exchange of proposals and discussion, I held a conference with counsel for the purpose of creating proposed schedules to complete discovery and to get this case ready for trial. Ultimately, the parties agreed or compromised on every date and deadline except the trial date itself. On October 8, 2020, I submitted the following proposed schedule to the Court:

Close of Fact Discovery:

Other than specific issues to be identified and described by counsel and approved by Special Master Kantor by November 2 (primarily because they are not quite ripe), all document discovery shall be completed by November 30, all plaintiff's fact depositions shall be taken by November 30, and all defendant's fact depositions shall be taken by December 31. As to any issues reserved, it is contemplated that they will be dealt with on an expedited basis but conceivably could extend past December 31 without causing any other dates to change.

Experts Reports and Depositions:

Opening reports filed by January 15, 2021.
Rebuttal reports filed by February 15, 2021.
Depositions completed by March 15, 2021.

Dispositive Motions:

Filed by April 15, 2021.
Briefing and hearing schedule to be set by the Court. (I understand the Court may wish the parties to propose this schedule.)

Pretrial Conference:

While this was not discussed with counsel, of course this is to be set by the Court.

Jury Trial (not agreed):

The estimated length is three weeks at five days per week based on pre-Covid normalities, with the Court extending or restricting as needed.

The plaintiff would like to begin trial on July 12, 2021. The defendant would like to begin trial in October 2021. Both recognize that your availability will control.

While counsel will elaborate for you, I will summarize their positions. The defendant has two concerns: (1) uncertainty about international travel may make scheduling live witnesses sooner than later more difficult and (2) the schedule for dispositive motions may result in getting a ruling too close to trial to be helpful. The plaintiff responds: (1) some of the international witnesses' testimony could be perpetuated and (2) it would rather move the schedule for dispositive motions earlier to accommodate a July trial in this aging case.

It is these scheduling items, along with any additional items which the Court wishes to include, that will be discussed during the upcoming scheduling conference. For now, the parties are working diligently as if the proposed schedule has been adopted by the Court but of course will adapt as necessary.

As noted above, the parties were required to advise me of any discovery issues which would or might need to be resolved beyond the close of discovery. They did so as directed. Some of the issues are in process of being resolved and others will resolve on their own without my or the Court's involvement. It is possible that some these issues will require attention. I will summarize each party's submissions:

Plaintiff: Possible production of additional records following the running of agreed new search terms. Adequacy of the defendant's response to the plaintiff's Seventh and Eighth Sets of Requests for Production. Various missing attachments, links and illegible documents. Possible dispute over authenticity of records at trial and hearsay exceptions within those records. Any problems which may arise during depositions or inspections. Possible spoliation motion.

Defendant: Inadequate production of Jira and GitHub documents. Potential need to compel inspection of source code. Scheduling depositions of current and former Opal employees. Completion of corporate representative deposition. Possible need to compel responses to interrogatories objected to as premature expert discovery. Possible need to compel production in response to Eighth Set of Requests for Production and to supplement prior production. Possible need to compel production of Slack communications (likely resolved). Any deviation from inspection protocols. Any deviation from final large-scale production per agreement as of Oct. 21, 2020. Possible motion for protective order to protect against damages claims caused to plaintiff's recent expansion of customers and entities.

To the extent further any of these listed discovery disputes arise, I will work with counsel to efficiently schedule any required briefing and hearings. And I will continue to gently (mostly) or forcefully (on rare occasion) attempt to persuade counsel of the benefits of conferral and compromise in this regard.

Finally, I wish to report to the Court that I have billed the parties for my services for the period covering November 2019 through September 2020. After conferring with counsel, I sent a summary statement which the parties agreed to pay without involving the Court. The statement has been paid in part and I am satisfied with the payment arrangements for the balance. If the Court wishes to see any of the billing information, that will be provided.

DATED November 30, 2020.

*Henry Kantor*

Special Master Henry Kantor