IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OPAL LABS, INC., an Oregon corporation,

Plaintiff,

v.

SPRINKLR, INC., a Delaware corporation,

Defendant.

Case No. 3:18-cv-01192-HZ

SPECIAL MASTER ORDER
RE INTERROGATORIES

*Rule 53(f)(2) Notice*

**SPECIAL MASTER HENRY KANTOR:**

Plaintiff Opal Labs, Inc. ("Opal"), has filed Opal's Motion to Compel Sprinklr's Response to Interrogatory Nos. 23 and 24 and the Declaration of Chad M. Colton in Support of Opal's Motion to Compel (ECF 193 and 194). Defendant Sprinklr, Inc. ("Sprinklr"), has filed Sprinklr Inc.'s Response to Opal's Motion to Compel Sprinklr's Response to Interrogatory Nos. 23 and 24 and the Declaration of Michael Willes in Support of Sprinklr Inc.'s Response to Opal's Motion to Compel Sprinklr's Response to Interrogatory Nos. 23 and 24 (ECF 197 and 198).

A hearing was held on Zoom on February 9, 2021. The hearing was reported by certified court reporter Cecily A. Yates. Chad M. Colton argued on behalf of Opal. Michael C. Willes argued on behalf of Sprinklr.

. For the purposes of the pending discovery dispute, the issues concern Opal's claims that Sprinklr improperly accessed Opal's confidential and proprietary software technology and used

that technology to create new software to its advantage and to Opal's disadvantage. *See Opal Labs, Inc. v. Sprinklr, Inc.*, 2019 WL 6528589 (D. Or. 2019). The subject interrogatories seek information that could constitute "feedback" (defined as explained below) provided by Opal's former client Nike, Inc. ("Nike") to Opal regarding the software Opal was creating for Nike prior to April 1, 2015. For the reasons set out below, the motion is denied.

## LEGAL STANDARDS

As the motion concerns the propriety of two interrogatories, the applicable legal standards are set out in Rule 33(a) of the Federal Rules of Civil Procedure:

> (1) *Number.* Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).
>
> (2) *Scope.* An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

And from United States District Court for the District of Oregon Local Rule 33-1 and its Practice Tip:

> (c) Definitions. Each interrogatory must state in concise language the information requested. In no case may an interrogatory refer to a definition not contained within the interrogatory or the preamble. Only terms actually used in a set of interrogatories may be defined.
>
> (d) Prohibited Form of Interrogatories. Broad general interrogatories, such as those that ask an opposing party to "state all facts on which a claim or defense is based" or to "apply law to facts," are not permitted.
>
> Practice Tip: The word "contention" has been eliminated to clarify that it is not prohibited *per se* to inquire what another party is contending, although overly broad general interrogatories are prohibited. *See, e.g., Equal Emp't Opportunity Comm'n v. U.S. Bakery*, No. CV 03-64-HA, 2003 U.S. Dist. LEXIS 25529, 2003 WL 23538023, at *6-7 (D. Or. Nov. 20, 1993).

As to the work-product objection by Sprinklr, Fed. R. Civ. P. 26(b)(3) provides in pertinent part:

> Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

**SPECIFIC INTERROGATORIES, RESPONSES, OBJECTIONS, AND DEFINITION**

INTERROGATORY NO. 23: Identify and describe all Nike Feedback that you believe Opal received from Nike at any time prior to April 1, 2015. This description should include, but should not be limited to, the nature of the Feedback that Nike provided, the date and location that Nike provided the Feedback to Opal, the identity of the persons who provided the Feedback to Opal, and the specific features or functions in Opal's software that incorporate that Feedback.

RESPONSE: Sprinklr incorporates the General Objections above as if fully set forth herein and further objects to this Interrogatory because it violates Local Rule 33-l(d), which prohibits "[b]road general interrogatories." Sprinklr objects to this Interrogatory because it is compound. Sprinklr deems this Interrogatory to encompass at least five separate interrogatories calling for identification of information, descriptions, dates, locations, and identification of persons. Additionally, Opal's prior compound Interrogatories have exceeded the number of Interrogatories provided under Rule 33 of the Federal Rules of Civil Procedure. Sprinklr objects to this Interrogatory as overbroad and unduly burdensome, particularly to the extent it seeks five categories of information as to features and functions allegedly contained in Opal's software. Sprinklr objects to this Interrogatory because it seeks irrelevant information. The Interrogatory requests information regarding irrelevant beliefs that Sprinklr may or may not hold.
The Interrogatory is only a burden, as it cannot narrow any issues of fact or law. To the extent Opal seeks to re-characterize this Interrogatory to request facts instead of irrelevant beliefs about relevant facts, Sprinklr objects to this Interrogatory because the information regarding Feedback provided by Nike and used in the development of the Opal software is within Opal's possession, custody, or control. Moreover, Opal is in a superior position to identify the Feedback Nike provided. Sprinklr was not party to Opal's discussions with Nike in which the latter conveyed Feedback. To the extent Opal seeks to identify the facts and circumstances surrounding Feedback, the more efficient means of inquiry is to depose Nike. Opal has not done so. Sprinklr objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work-product

> doctrine, or any other applicable privilege. To the extent Opal seeks the impressions and opinions of Sprinklr's counsel regarding such Feedback either generated in discovery or other means, those impressions and opinions constitute attorney work-product.
>
> INTERROGATORY NO. 24: For each item of Nike Feedback that you believe Opal received at any time prior to April 1, 2015, state whether Sprinklr used the same or similar Feedback in its own software and describe in detail how Sprinklr used it. This description should include, but not be limited to, the specific features and functions of Sprinklr's software that incorporate the Feedback.
>
> RESPONSE: For the reasons set forth in response to Interrogatory No. 23, Sprinklr objects to this Interrogatory. Sprinklr incorporates its response to Interrogatory No. 23 by reference.

Defendant Sprinklr's Response to Opal's Fourth Set of Interrogatories to Sprinklr, ECF 194-2 at 3-5.

For the purposes of these interrogatories, the term "Feedback" was defined to mean "suggestions, enhancement requests, recommendations, or other feedback from an Opal customer's authorized users regarding Opal's beta features or how to improve Opal's products and services generally." Opal's Fourth Set of Interrogatories to Sprinklr, ECF 198-1 at 68. This definition is adequate under LR 33-1(c).

In its motion papers, Opal asserted that it had revised a key portion of its interrogatories in response to one of Sprinklr's objections. In the original Interrogatory No. 23 (set out above), Opal used the following language: "Identify and describe all Nike Feedback *that you believe* Opal received from Nike at any time prior to April 1, 2015." (Emphasis added.) The original Interrogatory No. 24 tracks that language. During the conferral process, Opal stated: "Opal hereby modifies the interrogatories to read as follows" and changed the above language to read: "Identify and describe all Nike Feedback *of which Sprinklr is aware or has any knowledge* that Opal received from Nike at any time prior to April 1, 2015." Declaration of Chad M. Colton in Support of Opal's Motion to Compel, ECF 194-3 at 2 (emphasis added).

Sprinklr objected on the grounds that such a revision was never reduced to a final agreement, that it was never part of the actual motion as filed, and that it is emblematic of a continuing course of conduct by Opal in which it changes its position too late in the process to allow for a fair and just response. I have commented on this in earlier orders; yes, it has been a problem, clearly frustrating to Sprinklr. Each time, I have excused Opal's conduct because to linger on it does not seem to assist the parties in any way, also frustrating to Sprinklr. That is true here as well.

Under the circumstances now present in this case, it makes sense to honor an arguably slightly more limited version of the interrogatory which in fact was discussed between the parties and adequately addressed by Sprinklr in its written and oral responses. To the extent it means anything, I would have sustained Sprinklr's objection to discovery based on its "belief" of what feedback Nike submitted. This order will focus only on what Sprinklr was "aware" of or "knew." As a result, Sprinklr's objection to the interrogatories as being overbroad and irrelevant because they are based on "belief" is moot and will not be further addressed.

**PRIOR SIMILAR INTERROGATORIES, PROCEEDING, AND RESOLUTION**

Opal previously sought similar information for the periods before and after April 1, 2015, although the definition it used for "feedback" for the later period was different. Sprinklr similarly objected. Opal moved to compel. During the hearing and in the days that followed, the parties were able to reach agreement as to specific information to be provided for the period following April 1, 2015. Sprinklr submitted revised responses to the interrogatories which Opal has determined to be useful.

The parties dispute whether the agreement somehow either requires Sprinklr to now provide similar information for the period before April 1, 2015, or prohibits Opal from seeking

that information. Without discussion, I find that the agreement does nothing more than resolve the dispute for the period after April 1, 2015, and does not govern any aspect of the pending dispute for the period before April 1, 2015, which remained an open question (until now).

**CLAIM vs. DEFENSE**

Opal asserts that it needs to discover what Sprinklr contends or believes to be the feedback provided by Nike because Opal needs to prepare to defend against Sprinklr's affirmative defense contending that Opal does not own a protectible trade secret, an issue on which Opal claims Sprinklr has the burden of proof. Sprinklr argues that Opal retains the burden to prove that it does own a protectible trade secret, regardless of its affirmative defense. For purposes of this discovery dispute, this is a non-issue. The question of whether Opal owns a protectible trade secret is central to this case, whichever party has the burden of proof. Generally, discovery relating to that question is relevant and appropriate. I do not need to decide the burden of proof issue, which I understand will be presented to the trial judge during the dispositive motion stage.

**CONTENTION INTERROGATORIES**

Sprinkler views these interrogatories are improper contention interrogatories because they purport to ask for all information about a particular subject, in violation of LR 33-1(d). However, these interrogatories are not even close to the example provided in that rule, "such as those that ask an opposing party to 'state all facts on which a claim or defense is based' or to 'apply law to facts.'" Opal simply wants to know how to defend against Sprinklr's theory that the feedback provided by Nike demonstrates that the subject software was a product of that feedback as compared to Opal's creative work, so that the resulting software does not constitute

a protected trade secret owned by Opal. The interrogatories are appropriate questions on this topic – the greater issue is how best the questions should be answered.

**COMPOUND AND TOO MANY INTERROGATORIES**

Sprinklr contends that the interrogatories are compound because they seek five separate categories of information and, as a result, constitute a number of interrogatories which exceeds the allowable amount of 25 under Fed. R. Civ. Proc. 33(a)(1).

While it is conceivable that these interrogatories could be interpreted as compound, that is not the case here. I have the benefit of seeing how Sprinklr responded to the interrogatory seeking essentially the same information for the period after April 1, 2015. The answers provide the names of people providing feedback, dates when those people provided feedback, and the general subject of the feedback provided by those people on that date. The information provided in the answers is very closely inter-related and, therefore, not compound. This also means that the number of interrogatories does not exceed that allowed under Rule 33(a)(1).

**WORK-PRODUCT DOCTRINE AND BURDEN**

Sprinklr argues that answering the interrogatories would require its lawyers to decide which documents contain the defined feedback, especially as all of the documents are those which have been produced in discovery by Opal and that many if not most of these documents are classified as "Attorney Eyes Only" so that they cannot even be shown to client representatives, and that the process inevitably would reveal the impressions and opinions of counsel. Sprinklr claims that this adds to the burden because the task could just as easily be performed by Opal and its lawyers, causing the interrogatories to become overly burdensome. As presented here, these issues are intertwined.

Contrary to the attorney-client privilege, the work-product doctrine is governed by federal law, even in diversity cases like this one. Compilation of materials or information prepared by attorneys or their agents may be subject to the work-product doctrine. *McKenzie Law Firm P.A. v. Ruby Receptionists, Inc.*, Case No. 3:18-cv-1921-SI (D. Or.), Opinion and Order dated Dec. 16, 2019, Or. St. Bar Fastcase version at 2. To fall under the doctrine, the materials or information must: “(1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party’s representative.” *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). The doctrine exists to “prevent exploitation of a party’s efforts in preparing for litigation.” *Admiral Ins. Co. v. United States Dist. Court for the Dist. of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989).

Heightened protection is provided to materials which reveal an attorney’s mental impressions or opinions. *Id*. “Work-product that does not rise to the level of opinion or core work product may be ordered produced to an opposing party upon a showing of substantial need for the information or that the information cannot be otherwise obtained without undue hardship. To obtain the opinion or core work product, however, an opposing party must show that the mental impressions of counsel are at issue in the case and the need for the material is compelling.” *In re: Premera Blue Cross Customer Data Security Breach Litigation*, 296 F. Supp. 3d 1230, 1239 (D. Or. 2017) (citations omitted).

These interrogatories seek facts: the specific feedback provided by Nike, the names of the people providing the feedback, when the feedback was provided, and the subject of the feedback. The information sought would not normally result in the application of the work-product doctrine, as Sprinklr’s lawyers could run an electronic search for the information in the

document data base. In most cases, the data base would be made up of Sprinklr documents or perhaps those obtained from third parties.

Here, Opal is seeking to find out which of *its* documents provide the feedback supplied by Nike. These documents are classified Attorney Eyes Only. This means that, to answer the interrogatories, Sprinklr's lawyers (or agents) must look at Opal's documents containing Nike feedback and then determine which of that feedback their client was aware of or knew about. This necessarily requires Sprinklr's lawyers to make determinations not only as to relevancy (they clearly are relevant for purposes of discovery) but also as to what Opal might believe constitutes Nike feedback and then somehow ask their clients about them without showing the documents to them or revealing the confidential feedback contained therein.

No, this does not neatly fit within the work-product doctrine. However, in determining the application of that doctrine, the true burden is revealed. There is nothing to prevent Opal's lawyers from conducting this search for information within its client's documents. There *was* nothing to prevent Opal's lawyers from then asking Sprinklr witnesses about whether they were aware of or knew about the feedback – except doing so would disclose highly protected information before trial. Also, there *is now* an obstacle to Opal deposing Sprinklr witnesses – fact discovery has closed – not Sprinklr's problem. There is no special or compelling need for Sprinklr's lawyers to do any of this work. It would be unduly burdensome if not nearly impossible.

**CONCLUSION**

For the reasons stated above, all of Sprinklr's objections other than work-product and undue burden are overruled and denied. The work-product objection is subsumed within the

burden objection and therefore moot. The undue burden objection is sustained. Opal's motion to compel (ECF 193) is denied.

DATED February 28, 2021.

/s/_ Henry Kantor
Special Master Henry Kantor

**NOTICE TO PARTIES AND COUNSEL**: Pursuant to Fed. R. Civ. Pro. 53(f)(2), a party may file objections to, or move to adopt or modify, these orders no later than 21 days after a copy is served, unless the court sets a different time.