IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OPAL LABS INC.,  No. 3:18-cv-01192-HZ

        Plaintiff,  ORDER

    v.

SPRINKLR, INC.,

        Defendant.

HERNÁNDEZ, District Judge:

On October 12, 2021, this trade secret misappropriation and breach of contract dispute proceeded to a three-week jury trial. After five days of deliberations, the jury returned a partial verdict, finding for Plaintiff on its claims for misappropriation of trade secrets and breach of contract under the Teaming Agreement and Non-Disclosure Agreement, and finding for Defendant on Plaintiff's claims for breach of the implied covenant of good faith and fair dealing under the Terms of Use and Non-Disclosure Agreement. The jury was unable to reach a unanimous decision on Plaintiff's claims for fraudulent misrepresentation, breach of the Terms

1 – ORDER

of Use, breach of the implied covenant of good faith and fair dealing under the Teaming Agreement, and as to the amount of damages. Jury Verdict, ECF 398. At a post-trial status conference, the Court received the jury's verdict and declared a mistrial as to those claims the jury was unable to agree on. Mins. Proceedings, ECF 405. Defendant now moves for judgment as a matter of law and for a new trial on all of Plaintiff's claims. Def. Mot., ECF 411. The Court denies Defendant's Motion for Judgment as a Matter of Law but finds that the declaration of a mistrial on all of Plaintiff's claims is appropriate in this case.

      The question before the Court is whether the new trial should be limited in its scope to those issues the jury was unable to agree on in the previous trial. "Partial trials 'may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from others that a trial of it alone may be had without injustice.'" *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1133–34 (9th Cir. 1995) (quoting *Gasoline Products Co., Inc. v. Champlin Refining Co.,* 283 U.S. 494, 500 (1931)); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 774 (9th Cir. 1981) (finding a new trial on all the issues should be ordered on remand "if the issues are interwoven"). Here, a partial retrial is inappropriate. The issues to be retried are not so distinct and separable from the claims on which the jury returned a verdict, and a partial retrial on liability for certain claims and damages presents a significant risk of jury confusion, uncertainty, and inconsistent verdicts. *See Kalitta Air L.L.C.. v. Central Texas Airborne Sys., Inc.*, 547 Fed. Appx. 832, 833–34 (9th Cir. Nov. 25, 2013) (finding "the district court did not abuse its discretion by refusing to enter a partial verdict" where "holding a partial retrial on causation and damages alone would have caused confusion and uncertainty"). Accordingly, the proper course is to declare a mistrial on all the claims in this case and proceed to a full retrial.

2 – ORDER

## CONCLUSION

The Court GRANTS in part and DENIES in part Defendant's Motion for Judgment as a Matter of Law and Motion for a New Trial [411]. The Court denies Defendant's Motion for Judgment as a Matter of Law but finds that the declaration of a mistrial on all of Plaintiff's claims is appropriate in this case. Accordingly, the Court will proceed with a full retrial on all the claims and issues on February 22, 2022. Because the scope of the new trial is identical to the previous trial, the Court cancels the Pretrial Conference scheduled for February 11, 2022, and will not allow additional pretrial filings.

IT IS SO ORDERED.

DATED:___January 7, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3 – ORDER